The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for the following modifications; correction of a clerical error in the date through which plaintiff received temporary total disability compensation to reflect the actual stipulation, and Finding of Fact (7), Conclusion of Law (3) and Award Paragraph (2) concerning the awarding of temporary partial disability compensation.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21, Settlement Agreement approved 20 June 1991 appears in the Commission file.
2. On 15 March 1991, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date(s) the employer-employee relationship existed between the parties.
4. As of said date(s) Fireman's Insurance Co. provided the coverage to the employer as provided under said Act.
5. That plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer on 15 March 1991.
6. On said date plaintiff was earning an average weekly wage of $382.90.
7. That the issues to be determined in this case are:
 a. Was defendant-employer justified under the Act in terminating compensation payments to plaintiff on 31 August 1991.
 b. To what further compensation, if any, is plaintiff entitled under the Act.
8. The parties further stipulate that plaintiff has been paid by defendant-employers temporary total disability compensation benefits through 31 August 1991 and is making no claim for such benefits prior to said date.
Subsequent to the hearing on 20 September 1993, the parties entered the following documentation into the record:
1. Deposition of Dr. Carl Kramer dated 4 October 1993.
2. Deposition of Dr. Steven Cohen dated 10 November 1993.
3. Approximately 150 pages of stipulated documentation.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff sustained a compensable work-related injury while performing the strenuous duties of her employment as a production worker with defendant-employer on 15 March 1991 at which time she injured her low back resulting in pain on her right side radiating down into her right leg.
2. Plaintiff's employment with defendant-employer was terminated as of 1 September 1992, and she has been paid temporary total disability compensation benefits through 31 August 1991 and, has now as of 5 November 1992, returned to work at reduced wages for another employer performing clerical type duties.
3. During the course of her employment with defendant-employer, plaintiff received medical care and treatment for her compensable injury and on 28 May 1992 was medically released to return to work on a limited basis doing clerical work with a limitation of not lifting more than five pounds.
4. On or about said date of 28 May 1992, plaintiff did return to work doing her usual strenuous job of production work and not at the medically prescribed light duty work which strenuous work continued to give her problems and cause her to suffer pain and discomfort, and on 3 August 1992, again was medically taken out of work until 23 August 1992 because of a relapse in her medical condition from the injury which occurred on 15 March 1991.
5. From this latest relapse in plaintiff's physical condition and the injury which she sustained on 15 March 1991, plaintiff was medically released to return to work on 24 August 1992, by the same medical provider as in May of 1992 and on the same restricted conditions but was advised by defendant-employer that there was no clerical work for her to do and as the result of confusion and a break-down in communications between defendant-employer's personnel, the chiropractor treating plaintiff and plaintiff, plaintiff did not return to work on 24 August 1992 nor communicate further with defendant-employer except to be advised that her employment was terminated because she had not reported to defendant-employer for a period of three days.
6. Defendant-employer terminated plaintiff's employment without first offering plaintiff restricted work as medically prescribed such as clerical work with lifting not in excess of five pounds.
7. Plaintiff reached maximum medical improvement on 5 November 1992 when she returned to work for another employer. As of that date and as a result of his 15 March 1991 injury by accident, plaintiff was capable of earning an average weekly wage of only $240.00 for the first four weeks and $250.00 thereafter.
8. It has been medically determined that plaintiff has sustained a five percent permanent partial disability of the back as a result of the compensable injury occurring on 15 March 1991.
9. Plaintiff was unable to work as a result of said injury from 1 September 1991 to 5 November 1992.
10. Plaintiff was earning an average weekly wage of $382.90 on 15 March 1991.
11. Subsequent to 1 September 1991, plaintiff has been paid $300.00 as unemployment benefits by the North Carolina Employment Security Commission.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 15 March 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation benefits from 1 September 1991 to 5 November 1992 at the rate of $255.28 per week. G.S. § 97-29.
3. Plaintiff is entitled to temporary partial disability compensation benefits at a weekly rate of two-thirds the difference between her average weekly wage when his disability began and her capacity to earn an average weekly wage on 5 November 1992 and four weeks thereafter, or .667 x ($382.90 — $240.00)} $95.31 per week for four (4) weeks and then .667 x ($382.90 — $250.00)} $88.64 per week thereafter for two-hundred and ninety-six (296) weeks for a total of three-hundred (300) weeks from the date plaintiff's disability began on 15 March 1991, less the periods for which he received temporary total disability compensation. G.S. § 97-29; G.S. § 97-30.
4. Defendant-employer is entitled to a credit of $300.00 against the compensation to which it is determined plaintiff is entitled.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay to plaintiff in one lump sum temporary total disability compensation benefits from 1 September 1991 to 5 November 1992 at the rate of $255.28 per week, less the attorney fee and credit hereinafter provided.
2. Defendants shall pay to plaintiff temporary partial disability compensation benefits first at a rate of $95.31 per week for four (4) weeks then at a rate of $88.64 per week for two-hundred and ninety-six (296) for a total of three-hundred (300) weeks from the date plaintiff's disability began on 15 March 1991, less the periods for which plaintiff received temporary total disability compensation. This amount is then subject to the attorney fee and credit hereinafter provided.
3. Defendants shall pay all medical expense resulting from said injury up to the date of the Opinion and Award filed by Deputy Commissioner Ford on 30 December 1994 and no further when bills for the same have been submitted to defendants and approved pursuant to procedures established by the Industrial Commission.
4. Defendants are allowed a credit of $300.00 against the compensation awarded above.
5. An attorney fee of twenty-five (25) percent of the compensation herein allowed, after deducting the credit herein allowed, is hereby approved and awarded to Robert A. Farris, Jr. for his services to plaintiff to be deducted from the compensation provided above and paid directly to said attorney.
6. Defendants shall pay the costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ DIANNE C. SELLERS COMMISSIONER